09-2193-ag
Diallo v. Holder
BIA
Lamb, IJ
A 097 530 426

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand ten.

PRESENT:
>  DENNIS JACOBS,
>  *Chief Judge*,
>  GUIDO CALABRESI,
>  DEBRA ANN LIVINGSTON,
>  *Circuit Judges*.

————————————————————————————————————

SEYDOU BOUBACAR DIALLO,
>  *Petitioner*,

>  v.                                        09-2193-ag
>                                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>  *Respondent*.

————————————————————————————————————

FOR PETITIONER:        Samy Beshay, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Lyle D. Jentzer, Senior
                       Litigation Counsel; Paul F. Stone,
                       Trial Attorney, Office of
                       Immigration Litigation, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Seydou Boubacar Diallo, a native and citizen of Mali, seeks review of the April 27, 2009, order of the BIA affirming the November 16, 2007, decision of Immigration Judge ("IJ") Elizabeth Lamb pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Seydou Boubacar Diallo*, No. A 097 530 426 (B.I.A. Apr. 27, 2009), *aff'g* No. A 097 530 426 (Immig. Ct. N.Y. City Nov. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency properly determined that the past

mistreatment Diallo described did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). For example, although he testified that a bus he was riding on in 1994 was stopped by a group of Arabs, and that another group of rebels unsuccessfully searched for him in a movie theater, such "mere harassment" does not constitute persecution. *Id.*

The agency also reasonably found that Diallo failed to establish an objectively reasonable fear of future persecution. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that a fear is not objectively reasonable "[i]n the absence of solid support in the record"). The BIA observed that the State Department reports in the record indicated that "[t]here are no current conflicts, although there have been some signs of dissatisfaction among the Tuareg." Furthermore, the IJ properly noted that Diallo's family continues to live in Mali unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). Although Diallo argues that his other family members are not

3

"similarly situated" because they are female, he testified that his uncle continues to live and work in his village and has not suffered any persecution.

Thus, because Diallo failed to establish either past persecution or a well-founded fear of future persecution, the agency did not err in denying his application for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Diallo does not challenge the agency's denial of his claim for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk